10-3801-pr
Christopher Tatum v. John Lempke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand twelve.

Present: DENNIS JACOBS,
     *Chief Judge*,
  ROBERT A. KATZMANN
     *Circuit Judge*,
  JOHN F. KEENAN
     *District Judge*.*

---

CHRISTOPHER TATUM,

    *Petitioner-Appellant*,

    - v -      No. 10-3801-pr

JOHN B. LEMPKE, Superintendent,
    *Respondent-Appellee.*

---

For Petitioner-Appellant:  JOSEPH M. LATINO, Croton on Hudson, N.Y.

For Respondent-Appellee:  RHEA A. GROB (Victor Barall, Leonard Joblove, *on the brief*), Assistant District Attorneys, *for* Charles J. Hynes, District Attorney Kings County, Brooklyn, N.Y.

---

 * The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Christopher Tatum ("Tatum") appeals from an August 31, 2010 judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), entered in accordance with a Memorandum and Order dated August 30, 2010, denying Tatum's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On June 12, 2003, following a jury trial, Tatum was convicted of murder in the second degree pursuant to N.Y. Penal Law § 125.25[1], and sentenced to a term of imprisonment of twenty-five years to life. By order dated April 19, 2011, we granted Tatum a certificate of appealability as to his Sixth Amendment confrontation clause and ineffective assistance of counsel claims. This Court reviews the district court's denial of a § 2254 petition *de novo*. *See Chalmers v. Mitchell*, 73 F.3d 1262, 1266 (2d Cir. 1996). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We first consider Tatum's challenge to the state courts' factual determination that he caused or acquiesced in the efforts of his brother – Samuel Tatum – to prevent an eyewitness – Barrington Foote ("Foote") – from testifying at his trial. The Sixth Amendment's confrontation clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. But the right to confrontation is not absolute. The Supreme Court has held that a defendant's intentional misconduct may result in the waiver of his rights under the Confrontation Clause. *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970); *see also Crawford v. Washington*, 541 U.S. 36, 62 (2004)

2

("[T]he rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds . . . ."). Under New York law, before a witness's out-of-court testimony may be admitted into evidence during the government's case-in-chief, there must be clear and convincing evidence that the defendant caused or acquiesced in the unavailability of the witness. *See Cotto v. Herbert*, 331 F.3d 217, 235 (2d Cir. 2003). This Court, however, has held that the confrontation clause merely requires the prosecution to establish by a preponderance of the evidence that a defendant procured a witness's unavailability. *Id.* Therefore, a court's finding of admissibility under New York's higher standard, if correct, also satisfies the constitutional standard. *Id.* (noting that the federal standard "is actually less stringent than the New York standard.").

Because the state court adjudicated Tatum's confrontation clause claim on the merits[1] and its conclusion that Tatum caused Foote's unavailability is a finding of fact, we can only grant Tatum's *habeas* petition if we find that: (1) the state court's factual determination was unreasonable in light of the evidence presented during the state court proceeding, 28 U.S.C. § 2254(d)(2); or (2) Tatum presented clear and convincing evidence that the state court erred in its factual determination, 28 U.S.C. § 2254(e)(1).[2] Neither of these standards are met.

---

[1] An "adjudication on the merits" is one that "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)).

[2] The Supreme Court has yet to speak on the precise relationship between the Antiterrorism and Effective Death Penalty of 1996's ("AEDPA") two provisions requiring deference to state-court findings of fact, *i.e.* 28 U.S.C. §§ 2254(d)(2) and (e)(1). *See Wood v. Allen*, 130 S. Ct. 841, 849 (2010) ("[W]e have explicitly left open the question whether [the arguably more deferential standard set out in] § 2254(e)(1) applies in every case presenting a challenge under § 2254(d)(2)") (citation omitted). It is unnecessary for us to reach this legal issue because we find that Tatum's petition must be denied under either standard.

Tatum is correct that there was no *direct* evidence demonstrating that he caused his brother to threaten Foote, but the absence of such evidence does not render the state court's determination unreasonable. *See People v. Geraci*, 85 N.Y.2d 359, 369 (1995) ("Circumstantial evidence is not a disfavored form of proof and, in fact, may be stronger than direct evidence when it depends upon 'undisputed evidentiary facts about which human observers are less likely to err . . . or to distort.'") (internal quotation marks omitted). The trial court properly relied on circumstantial evidence implicating Tatum in his brother's conduct. *Id.* (noting that "given the inherently surreptitious nature of witness tampering, the proponent of Grand Jury testimony or other hearsay evidence will often have nothing more to reply upon than circumstantial proof"). Additionally, the state court reasonably noted that since Tatum was the sole person charged with the crime, he was the only person who stood to lose by Foote's testimony, and the person with the most to gain by his silence. *See id.* at 369-70 (finding circumstantial evidence – such as motive and opportunity – sufficient to establish that defendant procured witness's unavailability).[3]

Tatum has also failed to present "clear and convincing evidence" that the state court's factual determination was erroneous. When conducting a *habeas* review, we must consider a

---

[3] Relying on *Perkins v. Herbert*, 596 F.3d 161 (2d Cir. 2010), Tatum argues that the state court "confused motive with causation; that Samuel Tatum had the motive to 'help' his brother by threatening witnesses, that petitioner would purportedly benefit from such threats, in no way demonstrates that petitioner was behind the threats." Pet'r's Br. 22. In *Perkins*, however, this Court held that there was insufficient evidence of a defendant's involvement in threats made to a prospective witness where a codefendant had the same motive and the prosecution had not presented any evidence that the defendant had an opportunity to threaten the witness. *Id.* at 173. By contrast, in this case, there was only one defendant. Thus, the district court did not err by relying on its observation that no one other than the petitioner stood to benefit from Samuel Tatum's efforts to prevent Foote from testifying.

4

state court's factual determinations to be presumptively correct. 28 U.S.C. § 2254(e)(1).

Tatum's repeated assertion that Samuel Tatum *could* have acted alone is an inadequate basis on which to overcome this presumption.

We turn next to Tatum's claim that his right to effective assistance of trial counsel was violated when his lawyer failed to file a timely notice of alibi with respect to the testimony of Kimberly Dowling ("Dowling"), Tatum's common-law wife, who would have testified that she and Tatum were at home at the time of the murder. Although Tatum's trial counsel stated on the record his reasons for choosing not to file a notice of alibi earlier in the proceedings, Tatum did not bring an ineffective assistance claim as part of his direct appeal from his conviction. Instead, after his direct appeal was denied, Tatum filed a *pro se* motion in New York trial court pursuant to New York Criminal Procedure Law § 440.10, seeking to vacate his judgment of conviction based on the ineffective assistance of his trial counsel. The trial court denied this motion, concluding that Tatum was barred from bringing an ineffective assistance claim because he could have done so on direct appeal. Additionally, the trial court rejected Tatum's motion on the merits, finding that petitioner had not identified any reason to doubt the validity of trial counsel's assertion that he had investigated the possible alibi witness and had chosen not to file the notice. We hold that the state courts' determination that the claim lacked merit was not contrary to, or an unreasonable application of, federal law.[4] *See* 28 U.S.C. § 2254(d)(1). Accordingly, it is unnecessary for us to decide whether Tatum's claim was procedurally barred.

---

[4] Tatum argues that his ineffective assistance of trial counsel claim should be reviewed *de novo* because "[t]he trial court did not address the merits of the claim." Pet'r's Br. 42. This argument misstates the state court's decision, which found Tatum's claim to be procedurally barred but also addressed its merits. Accordingly, we must afford AEDPA deference to the state courts' decision. *See Zarvela v. Artuz*, 364 F.3d 415, 417 (2d Cir. 2005) (granting AEDPA deference to state court's alternative holding on the merits).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel is ineffective only if his assistance is deficient and that deficiency results in prejudice. *Id.* at 687. In applying this standard, counsel's performance must be reviewed objectively and measured for "reasonableness under prevailing professional norms." *Id.* at 688. Moreover, a reviewing court must make "every effort . . . to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Finally, even if counsel was deficient, the Sixth Amendment is violated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The New York Supreme Court did not misapply the *Strickland* standard when it denied Tatum's ineffective assistance of trial counsel claim. The record reflects that trial counsel was aware that Dowling might have been able to provide the defendant with an alibi defense. The record also shows, however, that once trial counsel interviewed Dowling, he made the strategic choice to forgo such a defense because, in his opinion, the witness was not credible. That counsel later reconsidered this decision does not mean his earlier determination was outside the "range of reasonable professional assistance," *id.* at 689.

Finally, Tatum contends that the state courts unreasonably applied the *Strickland* standard to his ineffective assistance of appellate counsel claim. Specifically, Tatum avers that appellate counsel was deficient because it failed to raise his ineffective assistance of trial counsel claim on direct appeal. This argument lacks merit. Under established federal law, to prevail on a claim that appellate counsel's performance was deficient based on a failure to raise an issue on direct appeal, a petitioner must demonstrate *more* than the omission by appellate counsel of a

6

non-frivolous argument. *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000). Instead, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id*. (internal quotation marks omitted). Applying this standard, the state courts reasonably concluded that Tatum's appellate attorney did not err by choosing to forgo an ineffective assistance of trial counsel claim where the record showed that the trial counsel had made a strategic decision not to file a notice of alibi.

We have considered Tatum's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK